United States District Court
Southern District of Texas
**ENTERED**
September 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| FLOYD JUNIOR JAYCOX, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 6:18-CV-16 |
| § | |
| KENNY PYLE, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff Floyd Junior Jaycox is a Texas inmate appearing *pro se* and *in forma pauperis*. Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Joe Ney Unit in Hondo, Texas. Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint. (D.E. 51). For the reasons stated below, the motion is **DENIED**.

In this civil rights action, Plaintiff sues defendant (1) Officer Kenny Pyle. Plaintiff filed this civil rights complaint under 42 U.S.C. § 1983, alleging that he was assaulted by Port Lavaca Police Officer Kenny Pyle. Plaintiff seeks monetary relief against the City of Port Lavaca.

On September 28, 2020, Plaintiff filed a motion for leave to amend the complaint in which he seeks to seeks to add evidence to support his existing excessive force claim against Defendant. (D.E. 51). He does not seek to amend by adding new claims.

Rule 15(a) of the Federal Rule of Civil Procedure provides that a party may amend his pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, a "party

may amend its pleading only with the opposing party's written consent or the court's leave" [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Determining when "justice so requires" rests within the sound discretion of a district court. *See Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1162 (5th Cir. 1982) (citations omitted). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne,* 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading,* 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp., et al.,* 3 F.3d 137, 139 (5th Cir. 1993).

Rule 15(d), on the other hand, provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Fifth Circuit has indicated that the same factors that shape a Rule 15(a) motion to amend inquiry also apply to a Rule 15(d) motion. *See Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982) (citation omitted), *vacated on unrelated grounds by* 460 U.S. 1007 (1983). "Leave

to supplement should not be granted where a plaintiff attempts to present 'new and different cause[s] of action.'" *Garcia v. Hackman*, No. C-10-311, 2011 WL 2457918, at *19 (S.D. Tex. Jun. 16, 2011) (quoting *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226 (1964)).

In the current filing, it appears that Plaintiff simply argues evidence he finds persuasive in support of any anticipated Plaintiff's dispositive motion and against Defendants' anticipated dispositive motion(s). Rather than through an amended pleading, Plaintiff may present his evidence in support of a dispositive motion or in support of a response to a dispositive motion. Plaintiff also fails to attach an amended complaint to his motion as required by the Order issued on June 7, 2018. (D.E. 12, paragraph 6). Accordingly, Plaintiff's Motion for Leave to Amend is **DENIED**.

ORDERED this 29th day of September, 2020.

_____
Julie K. Hampton
United States Magistrate Judge